**FILED**
**Oct 09, 2025**
**01:35 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **BENNIE ANDERSON,** | ) | **Docket No. 2022-03-0885** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 41632-2022** |
| **CITY OF KNOXVILLE** | ) | |
| **DEPARTMENT OF RECREATION,** | ) | |
| **Employer.** | ) | **Judge Brian K. Addington** |

---

## EXPEDITED HEARING ORDER

---

Mr. Anderson requested an expedited hearing for additional medical and temporary disability benefits, which the Court held on September 26, 2025. Knoxville accepted the claim as compensable and authorized treatment for Mr. Anderson's work-related injuries. For the reasons below, the Court denies the requested benefits.

### Claim History

Mr. Anderson worked as a knuckle boom truck driver for the City of Knoxville. On June 6, 2022, he slipped and fell from the truck. He landed on his feet, fell to the ground, and felt dazed. He was unsure how long he lay there, but he hurt all over. He mainly experienced pain in his head, neck, shoulders, and mid-section.

Mr. Anderson primarily treated with authorized Drs. Reynolds and Bolt. His doctors found he had nerve impingement but did not recommend surgery. They recommended physical therapy, but Mr. Anderson did not feel it helped him. His doctors placed him at maximum medical improvement, assigned impairment ratings for his shoulder, neck, and back, and released him for work.

Mr. Anderson's symptoms puzzled his doctors, but Knoxville authorized treatment anytime his authorized doctors primarily related those symptoms to his accident.

Mr. Anderson disagreed with the doctors' interpretations of and the extent of his diagnostic tests. He felt these tests showed more problems than what the doctors said, so he sought medical treatment on his own and in some cases emergency treatment. He

1

underwent hernia surgery and treatment for gastroparesis, high blood pressure, and seizures. However, the medical records for these events do not contain a statement from any physician that these conditions were primarily related to his work injury.

Mr. Anderson testified that he hurts all over, especially in his neck, back, shoulder, arms, and head. He stated he never had any problems with these body parts before his injury.[1] He said he did not suffer these conditions before his injury, and his pre-employment physical examination did not document them. He argued he was entitled to additional medical treatment and temporary disability benefits because of his inability to work.

Knoxville agreed that Mr. Anderson suffered a compensable injury and is entitled to treatment for his neck, back, and left shoulder. However, it asserted that it provided any treatment that the doctors primarily related to his work-injury. It also contended he achieved maximum medical improvement, so he is not entitled to additional temporary disability benefits.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Anderson must prove he is likely to prevail at a hearing on the merits that he is entitled to the medical and temporary disability benefits he requested. Tenn. Code Ann. § 50-6-239(d)(1) (2024). The Court held an expedited hearing instead of a compensation hearing because Mr. Anderson asserted that he had symptoms that were not addressed by authorized physicians and need to be treated before a final trial.

Mr. Anderson suffered a compensable injury when he fell from a truck at work. He requested additional treatment for medical conditions he has experienced after the fall. To prove entitlement to additional treatment for these complaints, he must show that his work injury, to a reasonable degree of medical certainty, contributed more than 50% in causing the need for medical treatment. *Id*. § 50-6-102(12)(C).

In other words, the Workers' Compensation Law gives this Court the authority to order Knoxville to provide medical treatment for his compensable injury. However, the Court cannot order Knoxville to provide medical benefits unless a doctor specifically gives an opinion that the recommended treatment is primarily related to his work injury and the treatment is reasonable and necessary.

Mr. Anderson received treatment from both authorized and unauthorized providers. He often disagreed with their opinions and felt that they are hiding information from him or colluding with the city, which is his right to believe. He also feels that his diagnostic tests were not sufficient or show more conditions than what the doctors believe they do. However, he is not a doctor.

---

[1] Although he was not specific about its location in his testimony, Mr. Anderson said his hernia was new, yet his brief stated that he had a preexisting umbilical hernia in January 2022.

The medical records often showed that Mr. Anderson's symptoms puzzled his doctors, but Knoxville authorized treatment whenever a physician primarily related the need for treatment to his work injury.

Mr. Anderson credibly testified that he hurts all over and wants to return to work. He believes additional medical treatment will help him; however, he did not explicitly state which specific treatment he wants. Further, no medical evidence suggested that any additional treatment primarily arose from his work injury

Testimony that an employee wants additional medical treatment is not enough evidence to enable a court to order it. Mr. Anderson must present medical evidence proving that a physician primarily related his current need for treatment to his injury. His own testimony that his conditions developed after his injury is insufficient evidence. *Harrison v. Chattanooga Staffing,* 2021 TN Wrk. Comp. App. Bd. LEXIS 22, at *13-14 (Apr. 26, 2021).

The parties submitted many medical records, and the Court read them all to see whether a physician has currently recommended any additional treatment primarily related to his work injury. None says that.

Mr. Anderson relies on his belief that if he had any of his current medical conditions before his accident, then he would have known it, or his pre-employment physical would have discovered it. However, the fact that these conditions arose after his injury and Mr. Anderson believes they are related to his work is not considered medical evidence under *Harrison* to prove they are primarily related. The passage of time does not equal causation.

Considering the evidence, Mr. Anderson is entitled to ongoing treatment for his back, neck, and left-shoulder injuries with his authorized physicians. The Court orders Knoxville to authorize reasonable and necessary treatment with his authorized physicians for conditions primarily related to his work injury. Therefore, the Court finds that Mr. Anderson is unlikely to prevail at trial in proving his entitlement to medical treatment for his non-work-related conditions.

As to temporary disability benefits, Mr. Anderson's authorized physicians placed him at maximum medical improvement for conditions primarily related to his injury. Knoxville paid him temporary disability benefits until that time. Temporary total disability benefits end when the treating physician ends active treatment and places the employee at maximum medical improvement. *Id.* § 50-6-207(1)(E). Therefore, the Court finds that Mr. Anderson is unlikely to prevail at trial in proving his entitlement to additional temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1.  The Court denies Mr. Anderson's request for benefits at this time.

2. The Court sets a scheduling hearing on **December 3, 2025**, at **2:00 p.m. Eastern Time**. You must dial **855-543-5044** to participate in the hearing. The Court anticipates setting discovery deadlines, post-discovery alternative dispute resolution, and the compensation hearing.

**ENTERED October 9, 2025.**

**Brian K. Addington**

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

4

# Appendix

EXHIBITS:

1. Mileage reimbursement request
2. Employer's collective medical records and documents for expedited hearing
3. Medical records-Premise Health ROI Service Area
4. Medical records-Tennessee Orthopedic Clinic
5. Medical records- Southern Medical Group
6. Medical records- Fort Sanders Medical Center
7. Medical records-Boston Scientific Pathology Reports
8. Medical records- Endoscopy Center
9. Collective-Correspondence

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on October 9, 2025.

| Name | Email | Service sent to: |
|---|---|---|
| Bennie Anderson, Employee | X | bkimm1423@aol.com |
| Jim Johnson, Employer's Attorney | X | jjohnson@knoxvilletn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*